**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Joshua G Crampton,

      Plaintiff,

v.

Town of Colorado City, et al.,

      Defendants.

No. CV-26-08109-PCT-MTL

**ORDER**

Before the Court is Plaintiff Joshua Crampton's Complaint (Doc. 1) and Amended Complaint (Doc. 10), Application to Proceed *In Forma Pauperis* (Doc. 2), Motion to Allow Electronic Filing (Doc. 4), Motion for Temporary Restraining Order (Doc. 9), and Emergency Motion for Expedited Discovery and Preservation Order (Doc. 12). The Court addresses each in turn.

## I.    IFP APPLICATION

A party may file a lawsuit without paying the filing fee if the Court grants leave to proceed *in forma pauperis* ("IFP"). 28 U.S.C. § 1915. Plaintiff's application shows that he does not have sufficient funds to pay the filing fee. (Doc. 2.) The Court will therefore grant the application.

## II.    SCREENING

The Court must screen complaints brought IFP. 28 U.S.C. § 1915(e)(2). The Court must dismiss the complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune

from such relief. *Id.* § 1915(e)(2)(B).

Plaintiff has filed two complaints. In his Amended Complaint, however, Plaintiff states that he "incorporates by reference in their entirety all allegations, causes of actions, factual averments, jurisdictional statements, and prayers for relief set forth in the original complaint." (Doc. 10 at 1.) That is improper. Local Rule of Civil Procedure 15.1(b) provides that an amended pleading "must not incorporate by reference any part of the preceding pleading, including exhibits." LRCiv 15.1(b).

The Rule also requires a party filing an amended pleading to "file a separate notice of filing the amended pleading" and attach "a copy of the amended pleading that indicates in what respect it differs from the pleading which it amends." *Id.* Plaintiff failed to file that notice. Because the Amended Complaint does not comply with Local Rule 15.1(b), the Court will strike the Amended Complaint and screen the original Complaint.

### A.    Background

Plaintiff names more than fifty defendants, including the Town of Colorado City, Hildale City, several Colorado City-Hildale police officers, and numerous private individuals associated with the Colorado City-Hildale community. (Doc. 1 at 23-26.) Plaintiff alleges that he was targeted as an "outsider" within the Colorado City-Hildale community for his alleged connections to a church with a historical relationship with the Fundamentalist Church of Jesus Christ of Latter-Day Saints. (*Id.* at 27, 51-55.)

Plaintiff alleges that officers with the Colorado City-Hildale Police Department failed to investigate reported death threats against him, improperly designated him as an "Offender" in police records, failed to collect allegedly exculpatory surveillance footage, and retaliated against him. (*Id.* at 14; Doc. 1-1 at 38, 52-60.) Plaintiff further alleges that private defendants coordinated false complaints, social media attacks, and business-related complaints. (*See, e.g.*, Doc. 1 at 20, 27, 55; Doc. 1-1 at 5-11, 56.) Based on these allegations, Plaintiff asserts claims under 42 U.S.C. § 1983 for alleged violations of the First, Fourth, and Fourteenth Amendments, along with *Monell* liability, supervisory liability, conspiracy theories, and various state-law tort claims. (Doc. 1-1 at 37-58.)

- 2 -

### B.    Legal Standard

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Further, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citation modified). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a claim, a court must assess whether there are other "more likely" explanations for a defendant's conduct. *Id.* at 681.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (directing courts to "continue to construe *pro se* filings liberally"). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

### C.    Analysis

Although detailed factual allegations are not required, a complaint must contain sufficient factual matter to state a plausible claim and give each defendant fair notice of the claims against them. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Something

labeled a complaint but written . . . without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). "[T]he Ninth Circuit has held that dismissal for failure to comply with Rule 8 is proper where 'the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action.'" *Gottschalk v. City & Cnty. of San Francisco*, 964 F. Supp. 2d 1147, 1154 (N.D. Cal. 2013) (quoting *McHenry*, 84 F.3d at 1179).

The Ninth Circuit has also adopted a "shotgun pleading" rule, where pleadings that fall within the following categories run afoul of Rule 8:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Gibson v. City of Portland*, 165 F.4th 1265, 1288 (9th Cir. 2026).

In *Liu v. Worldwide*, No. 5:18-cv-02442-SVW-KK, 2019 WL 8690216, at *1 (C.D. Cal. Jan. 30, 2019), the Central District of California struck a 63-page complaint that "assert[ed] legal arguments and conclusions as opposed to a short and plain statement of the relevant facts and the legal cause of action premised on those facts." The court found that the complaint was "replete with redundancies and appears to repeat the same cause of action multiple times under slightly different legal theories." *Id.*

The Complaint here suffers from many of those defects. It spans over one hundred and thirty pages, names over fifty defendants, describes numerous police reports, alleged social media activity, alleged death threats, business losses, and constitutional theories. It incorporates prior allegations into later counts, relies heavily on conclusory allegations of coordinated conspiracies and retaliation, and frequently groups defendants together

- 4 -

without clearly identifying which factual allegations support which legal claims against which defendants. Although Plaintiff identifies some discrete incidents, the pleading as a whole is not a short and plain statement showing entitlement to relief.

The Court therefore dismisses the Complaint under Rule 8 and the shotgun pleading doctrine. *See Gibson*, 165 F.4th at 1288; *Washington v. San Francisco Gen. Hosp.*, No. 23-CV-05505-TSH, 2023 WL 9183680, at *3 (N.D. Cal. Dec. 12, 2023), *report and recommendation adopted*, No. 23-CV-05505-EMC, 2024 WL 98396 (N.D. Cal. Jan. 9, 2024) ("[T]he failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. . . . [E]ven if the Court were to find Plaintiff's claims are not on their face subject to dismissal under Rule 12(b)(6), they may still be dismissed for violating Rule 8(a).").

Aside from deficiencies under Rule 8, the Court additionally notes that many civil rights claims appear directed at private individuals not acting under color of state law. *See Am. Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 50 (1999) (holding that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful" (citation modified)).

Further, although Plaintiff alleges coordination and conspiracy between private individuals and police officers, conclusory allegations of conspiracy are insufficient absent facts plausibly showing joint action or a "meeting of the minds." *See, e.g.*, *Woodrum v. Woodward County, Oklahoma,* 866 F.2d 1121, 1126 (9th Cir.1989). Merely reporting suspected misconduct to police or urging police action generally does not transform a private party into a state actor. *See Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989).

Further, several theories appear to rest on alleged failures to investigate or prevent private misconduct, even though the Constitution generally does not impose an affirmative duty on police officers to protect individuals from private violence. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 202 (1989).

Plaintiff also asserts *Monell* and supervisory-liability theories against municipal

defendants and police supervisors. Counts VI through VIII identify alleged municipal policies or customs, including selective non-investigation, a deficient internal-affairs process, and final-policymaker ratification. But given the Complaint's shotgun structure and wholesale incorporation of prior allegations, the Court cannot determine which facts support which *Monell* theory, which municipal defendant allegedly adopted which policy, or how each policy was the moving force behind a particular constitutional violation. Count IX similarly relies largely on Radley's and Gower's alleged notice of misconduct and failure to correct it, without clearly identifying what each supervisor personally did, directed, or knowingly allowed that caused a specific constitutional deprivation. *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637-38 (9th Cir. 2012); *Starr*, 652 F.3d at 1207-08.

For these reasons, the Court will dismiss Plaintiff's complaint.

### D. Leave to Amend

If defects in a complaint can be cured, a plaintiff is entitled to amend the complaint before her claims are dismissed. *Lopez*, 203 F.3d at 1130. Accordingly, Plaintiff may file an amended complaint if he can cure the defects identified in this Order. Leave to serve any amended complaint will not be granted until the Court screens the amended pleading pursuant to 28 U.S.C. § 1915(e)(2).

### III. MOTION FOR TRO AND PRELIMINARY INJUNCTION

Plaintiff also moves for a temporary restraining order and preliminary injunction. (Doc. 9.) He asks the Court to enter broad ex parte relief against law enforcement and private defendants, including orders requiring police officers to cease contact with him, refer alleged death threats to outside law enforcement agencies, refrain from certain future law-enforcement contacts, and requiring private defendants to cease contact, stop publishing information about him, refrain from filing further complaints or reports, and preserve electronic communications. (*Id.* at 7.)

A temporary restraining order without notice is permissible only if the movant shows through specific facts that "immediate and irreparable injury, loss, or damage will

result to the movant before the adverse party can be heard," and certifies in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Ex parte TROs are warranted only in "extremely limited" circumstances. *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39 (1974); *see also Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). Parties seeking emergency injunctive relief must also show that they are likely to succeed on the merits, likely to suffer irreparable harm absent relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). If a movant fails to show likelihood of success on the merits, the Court need not address the remaining factors. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc).

Plaintiff has not satisfied these standards. As explained above, the Complaint does not comply with Rule 8 and does not presently state a claim on which relief may be granted. Plaintiff therefore has not shown a likelihood of success on the merits. *See Albritton v. Tiffany And Bosco, P.A.*, No. CV 12-924-TUC-HCE, 2013 WL 3153848, at *12 (D. Ariz. June 19, 2013), *aff'd sub nom. Albritton v. Tiffany & Bosco PA*, 713 F. App'x 670 (9th Cir. 2018) ("Because the Court finds that Plaintiff's Complaint fails to state a claim, Plaintiff has necessarily failed to demonstrate a likelihood of success on the merits."); *Bran v. Yuba Cnty. Jail*, No. 2:19-CV-0631-DMC-P, 2019 WL 4273928, at *3 (E.D. Cal. Sept. 10, 2019) ("Further, all remaining claims fail to meet the Rule 8 pleading standards and thus they have no likelihood of success on the merits.").

The Motion also does not establish that immediate and irreparable injury will occur before Defendants can be heard. Plaintiff asserts that notice may lead to deletion of evidence, destruction of records, or retaliatory conduct, but those concerns are speculative and do not justify ex parte relief against numerous public and private defendants. *See Reno Air*, 452 F.3d at 1131. Accordingly, the Motion will be denied.

## IV.   MOTION FOR EXPEDITED DISCOVERY AND PRESERVATION ORDER

Plaintiff further moves for a preservation order and for expedited discovery because

he needs access to records from social media sites, text message exchanges, body camera footage, 911 audio recordings, and Google account data to substantiate his claims. (Doc. 12 at 3.) This Motion will be denied as premature because Defendants have not been served and discovery has not yet opened under Federal Rule of Civil Procedure 26(d)(1).

**V.    CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Allow Electronic Filing (Doc. 4) is **GRANTED** in this case only. Plaintiff is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the court in .pdf, complete the necessary forms to register as a user with the Clerk's Office within five days of the date of this Order (if not already on file), register as a subscriber to PACER (Public Access to Electronic Records) **within five days of the date of this Order** (if this has not already occurred), and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002.

Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party.

**IT IS FURTHER ORDERED** that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED**. Plaintiff may proceed without prepayment of costs or fees or the necessity of giving security therefor.

**IT IS FURTHER ORDERED** directing the Clerk of Court to strike Plaintiff's Amended Complaint (Doc. 10).

**IT IS FURTHER ORDERED** dismissing the Complaint (Doc. 1).

**IT IS FURTHER ORDERED** that, by **June 30, 2026**, Plaintiff may file an amended complaint, if he can cure the defects identified in this Order.

. . . .

**IT IS FURTHER ORDERED** that if Plaintiff does not timely file an amended complaint, the Clerk must dismiss this action without prejudice and without further notice to Plaintiff or order of this Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended complaint, it may not be served unless and until the Court screens the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Doc. 9) is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Expedited Discovery and Preservation Order (Doc. 12) is **DENIED**.

Dated this 28th day of May, 2026.

Michael T. Liburdi
United States District Judge

- 9 -